**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| JEAN GREEN, | : | |
| | : | |
| Plaintiff, | : | Civil No. 06-2092 (SRC) |
| | : | |
| v. | : | |
| | : | |
| JOSEPH RIZZO, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

---

**APPEARANCES**:

> JEAN GREEN, #190345C, Plaintiff pro se
> Central Reception & Assignment Facility
> P.O. Box 7450
> West Trenton, New Jersey  08628

**CHESLER**, District Judge

Plaintiff Jean Green, an inmate who is confined at the Central Reception & Assignment Facility, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  The Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $350.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections to deduct an initial partial filing fee from Plaintiff's prison account, and to forward it to the Clerk; and (5) directs the New Jersey Department of Corrections to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915.  Having thoroughly reviewed Plaintiff's allegations, the Court will dismiss the Complaint.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.  BACKGROUND

Plaintiff asserts violations of his constitutional rights against Joseph Rizzo, Administrator of the Central Reception & Assignment Facility, and the Commissioner of the New Jersey Department of Corrections arising from his incarceration.  Plaintiff asserts that on January 18, 2006, the Superior Court of New Jersey, Mercer County, imposed criminal sentences in several cases.  He alleges that Rizzo was a member of the classification committee that he appeared before on April 18, 2006, and that the committee improperly classified him to a state facility instead of a county jail.  In addition , he maintains that Defendants are illegally extending the term of his incarceration by failing to award sentence-reducing credits against a 180-day sentence.  He seeks damages for violation of his constitutional rights.

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6.

### III.  DISCUSSION

A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Specifically, 42 U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law.   Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived her or caused her to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

3

"When evaluating a claim brought under § 1983, [a court] must first identify the exact contours of the underlying right said to have been violated in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (citation and internal quotation marks omitted). The Court liberally construes Plaintiff's allegations, see Haines, 404 U.S. at 520, as attempting to assert deprivation of a liberty interest without due process in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

The Due Process Clause of the Fourteenth Amendment provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. The Due Process Clause applies only when government action deprives a person of a protected liberty or property interest. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Liberty interests protected by the Due Process Clause may arise from the Due Process Clause itself or from the laws of the states. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Hewitt v. Helms, 459 U.S. 460, 466-67 & n.4 (1983). "Decisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection." Greenholtz, 442 U.S. at 7. "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976); see also Vitek v. Jones, 445 U.S. 480, 493 (1980).

Plaintiff has no liberty interest arising by force of the Due Process Clause itself in being confined in a county jail as opposed to a state facility. See Meachum v. Fano, 427 U.S. 215, 223-

4

25 (1976); Gibson v. Lynch, 652 F.2d 348, 354 (3d Cir. 1981).  "The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause . . . .  That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules."  Meachum, 427 U.S. at 224-25; accord Olim v. Wakinekona, 461 U.S. 238, 248 n.9 (1983).  "A conviction . . . empowers the State to confine the inmate in any penal institution in any State unless there is state law to the contrary or the reason for confining the inmate in a particular institution is itself constitutionally impermissible."  Olim, 461 U.S. at 248 n.9.

Nor does Plaintiff have a protected liberty interest created by New Jersey law in being confined in a county jail.  A state-created liberty interest within a prison is limited to situations where deprivation of that interest "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997).  Under New Jersey law, the custody classification of inmates rests solely within the discretion of the Commissioner of the New Jersey Department of Corrections.  See Smith v. New Jersey Dept. of Corrections, 347 N.J. Super. 24, 30 (App. Div. 2001).  Moreover, under New Jersey law, the Commissioner of the Department of Corrections has broad authority to confine inmates in any penal institution.  See N.J. Stat. Ann. § 30:4-85; Jenkins v. Fauver, 108 N.J. 239, 252 (1987); Dozier v. Hilton, 507 F. Supp. 1299 (D.N.J. 1981) (a prison inmate has no right or justifiable expectation under New Jersey law that he will not be transferred from one prison to another).  It follows that confinement of Plaintiff in a state prison facility is not an "atypical and significant" hardship in relation to the

5

ordinary incidents of prison life under <u>Sandin</u>. The claim challenging Plaintiff's transfer to a state facility will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also asserts that Defendants have improperly extend the term of his incarceration by failing to apply appropriate sentence-reducing credits to his 180-day sentence.  When a person, such as Plaintiff, is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).[1]  If an equitable remedy were available under § 1983 for an person challenging the fact or duration of his confinement, then that inmate could evade the requirement contained in the federal habeas statute, 28 U.S.C. § 2254(b)(1) and (c), that he exhaust available state court remedies prior to seeking federal intervention.  As the Supreme Court explained in <u>Preiser</u>,

> In amending the habeas corpus laws in 1948, Congress clearly required exhaustion of adequate state remedies as a condition precedent to the invocation of federal judicial relief under those laws.  It would wholly frustrate explicit congressional intent to hold that [inmates] could evade this requirement by the simple expedient of putting a different label on their pleadings.  In short, Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.

<u>Preiser</u>, 411 U.S. at 489-90.

_____

[1] <u>See also</u> <u>Coady v. Vaughn</u>, 251 F.3d 480 (3d Cir. 2001) (state prisoner's challenge to denial of parole or challenge to the legality of continued state custody must be brought under § 2254 which requires the exhaustion of state court remedies).

Plaintiff's claim regarding the failure to apply sentence-reducing credits against his sentence is not cognizable under § 1983.  The Court will dismisses this claim.

## IV.  CONCLUSION

The Court grants Plaintiff's application to file the Complaint without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(b) and dismisses the Complaint for failure to state a claim upon which relief may be granted.

s/Stanley R. Chesler, U.S.D.J.
**STANLEY R. CHESLER, U.S.D.J.**

Dated:   June 5, 2006

7